# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:08-cr-178-DBH |
| | ) | |
| DAVID KENNETH PREISEL, | ) | |
| Defendant | ) | |

## ORDER ON MOTION TO APPOINT COUNSEL AND REDUCE SENTENCE

The defendant David Preisel has moved for appointment of counsel in order to pursue a reduction in sentence based upon the retroactive more lenient crack cocaine Guideline. Letter from Def. (Docket Item 48). Because the new Guideline does not change Preisel's Guideline range, the motion, treated as a motion for both appointment of counsel and reduction of sentence, is **Denied**.

At his original sentencing, Preisel was held responsible for 240 grams of heroin and 3,855.6 grams of crack cocaine, which were then converted into a total drug quantity of 77,352 kilograms of marijuana equivalent. At that time, that drug quantity resulted in a Base Offense Level of 38 (more than 30,000 kilograms of marijuana). But Guideline § 2D1.1 comment n.10(D)(i) then directed a two-level reduction because the calculation was based upon both crack cocaine and at least one other type of drug. Thus, the adjusted Base Offense Level was reduced to 36. Preisel also received a 3-level reduction for

acceptance of responsibility, which resulted in a Total Offense Level of 33. In combination with his Criminal History Category of V, the Guideline range was 210-262 months. A mandatory 60-month consecutive sentence for a weapons offense under Count 3 yielded a total Guideline range of 270-322 months.

Under the crack cocaine Guideline, using the new conversion factor (1 gram of crack equals 3,571 grams of marijuana), the drugs listed above result in a revised total drug quantity of 14,008 kilograms of marijuana equivalent, which is a Base Offense Level of 36 (10,000 to 30,000 kilograms of marijuana). But the previous 2-level reduction for the combination of crack cocaine and another drug is no longer available under the retroactive crack cocaine Guideline now that the offense levels have been reduced. As a result, the Base Offense Level remains 36, the same as determined at the initial sentence. Accordingly, Preisel's Total Offense Level and his guideline range remain unchanged, and Preisel does not qualify for a reduction under the amendment.

Preisel also received a § 5K1.1 motion at sentencing as well as a variant sentence, but they have no impact because the Guideline range today is no different than that used at his initial sentencing.

**SO ORDERED.**

**DATED THIS 3RD DAY OF NOVEMBER, 2011**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**