UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| v. | )    CRIMINAL NO. 2:08-CR-178-DBH<br>) |
| DAVID PREISEL, | )<br>) |
|                DEFENDANT | ) |

## ORDER ON *SUA SPONTE* MOTION FOR SENTENCE MODIFICATION

In this case, for Counts 1, 2 and 4, the Court originally found the defendant responsible for 3,855.6 grams of cocaine base and 240 grams of heroin. Converted to 77,352 kilograms of marijuana equivalent, that quantity produced a base offense level of 38, but it was reduced under the then-current Guidelines to 36 because it was based upon cocaine base and at least one other drug. United States Sentencing Commission, Guidelines Manual, § 2D1.1, comment 10(D)(i) (Nov. 2008). The defendant then received a three-level reduction for acceptance of responsibility, resulting in a total offense level of 33. Because he had a criminal history category V, his Guideline range at the time of sentencing was 210 to 262 months for Counts 1, 2 and 4, plus a consecutive 60 months for the 18 U.S.C. § 924(c) charge in Count 3, for an aggregate Guideline range of 270 to 322 months. At sentencing in 2009, the Court varied downward (43%) on Counts 1, 2 and 4, and granted a § 5K1.1 motion (20%) on all charges. That resulted in a sentence of 96 months on each of Counts 1, 2 and 4,

concurrent, plus 48 months, consecutive, for Count 3, for a total sentence of 144 months.

The defendant was ineligible for a reduction under the 2011 retroactive drug ("crack") amendment because that amendment also eliminated the two-level reduction for cases involving cocaine base and another type of drug.  See United States Sentencing Commission, Guidelines Manual, App. C–Vol. III, Amendment 750, at 394 (Nov. 2011).  Therefore, the defendant's Guideline range remained the same.

However, under the most recent amendment, the formula to convert cocaine base to marijuana was lowered (1 gram of cocaine base now equals 3,571 grams of marijuana), and the defendant's total drug quantity is therefore reduced to 14,008 kilograms of marijuana equivalent.  That yields a base offense level of 34.  After the 3-level reduction for acceptance of responsibility, his total offense level becomes 31.  With a criminal history of V, his new Guideline range for Counts 1, 2 and 4 is 168 to 210 months.  With the 60 month consecutive sentence on Count 3, the new range is 228 to 270 months.

As a result, the Probation Office initially thought the defendant might qualify for a reduced sentence, and the Court appointed counsel and entered a *sua sponte* motion for sentence reduction.  However, further examination shows that the most recent Guideline amendment makes clear that a variance reducing the original sentence cannot be re-applied if it reduces the new Guideline range.  (The 20% § 5K1.1 departure can still be applied, but the variance cannot.  Guideline 1B1.10(b)(2)(A),(B).)  Applying only the departure to the new Guideline

range would produce a sentence higher than the sentence the defendant originally received.

As a result, the defendant's sentence cannot be reduced under the recent amendment, and the *sua sponte* motion for sentence modification is **DENIED**.

**SO ORDERED.**

**DATED THIS 16TH DAY OF APRIL, 2015**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**